IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE: )
RICHARD L. SIMPSON ) Case No.  14-11456-M
aka Rick L. Simpson ) (Chapter 13)
and )
SHARON L. SIMPSON, )
)
            Debtors. )

### THIRD AMENDED CHAPTER 13 PLAN

LENGTH OF PLAN:       60 Months.

PLAN PAYMENT:         Debtor shall pay $2,975.00/month during Month 1-12; $3,035.00/month during Month 13-60 of the Plan.  Total paid into the Plan: $181,38 0.00.  The Trustee shall deduct his fee from each payment pursuant to 11 U.S.C. § 1326(b)(2).

COMMENCEMENT:         Plan payments shall commence thirty days from the date the Petition is filed.  First Payment Due: July 30, 2014.

**PRIORITY CLAIMS** (To be paid in full without interest):

| CLAIMANT | DESCRIPTION | CLAIM AMOUNT | HOW PAID, MONTHLY PAYMENT, TOTAL |
|---|---|---|---|
| Richard A. Chapman | Attorney fees | $1,810.00 | 1-10 @ $181.00 **$1,810.00** |
| Internal Revenue Service | Income taxes | $16,581.29 (Amd POC 8) | 1-59 @ $276.35 60th @ $276.64 **$16,581.29** |

**REAL ESTATE MORTGAGE CLAIM(S) SECURED BY PRINCIPAL RESIDENCE OF DEBTOR(S):**

| CLAIMANT | DESCRIPTION | AMOUNT | EXPLANATION |
|---|---|---|---|
| HSBC | 1st Mortgage | Approx. $220,795.56 (POC 20) | Debtor shall make all regular, on-going post-petition mortgage payments directly to mortgage holder commencing with the July 1st, 2014, payment.  * |

| CLAIMANT | DESCRIPTION | AMOUNT | EXPLANATION |
|---|---|---|---|
| HSBC | 1st Mortgage arrearage | $19,111.75 (POC 20) | 1-59 @ $318.53<br>60th @ $318.48<br>**$19,111.75** |
| Green Tree Servicing, LLC | 2nd Mortgage | Approx. $28,958.93 (POC 22) | Debtor shall make all regular, on-going post-petition mortgage payments directly to mortgage holder commencing with the July 1st, 2014, payment. * |
| Green Tree Servicing, LLC | 2nd Mortgage arrearage | $1,126.16 (POC 22) | 1-5 @ $203.13<br>6th @ $110.51<br>**$1,126.16** |

* This is a long-term debt, which shall not be discharged and will continue upon completion of the Plan.  *See*, 11 U.S.C. § 1328(a)(1).

**SECURED CLAIMS ENTITLED TO ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 1326(a)(1)(C):** The following claimants are provided adequate protection in the form of a lien on each pre-confirmation plan payment to the Chapter 13 Trustee in the amount stated below for each claimant, subject to the provisions of L.R. 3070-2.

| CLAIMANT | CLAIM AMOUNT | COLLATERAL | ALLOWED CLAIM AMOUNT | INT. RATE | HOW PAID, MONTHLY PAYMENT, TOTAL |
|---|---|---|---|---|---|
| CarMax | $18,046.29 (POC 14) | 2008 Lexus | $18,046.29 | 8% | 1-60 @ $365.91<br>**$21,954.82** |
| Santander Consumer | $26,813.18 (POC 12) | 2009 Lexus | $26,813.18 | 8% | 1-60 @ $543.67<br>**$32,620.20** |
| Moody's Jewelry | $440.63 (2nd Amd POC 4) | Jewelry (daughter's engagement ring) | $440.63 | 10% | 1-10 @ $46.11<br>**$461.10** |

NOTE: Secured creditors shall retain their liens to the extent of the value stated above. The allowed secured claim of each secured creditor shall be the amount of the value stated above with any balance of the claim as filed being allowed as an unsecured claim.

**OTHER SECURED CLAIMS:**

| CLAIMANT | CLAIM AMOUNT | COLLATERAL | ALLOWED CLAIM AMOUNT | INT. RATE | HOW PAID, MONTHLY PAYMENT, TOTAL |
|---|---|---|---|---|---|
| Osage County Treasurer | $8,047.26 (POC 3) | All real property of debtors | $8,047.26 | 5.25% | 1-24 @ $353.95 **$8,494.80** |
| Oklahoma Tax Commission | $6,398.46 (POC 10) | Tax Warrant | $6,398.46 | 5.25% | 1-24 @ $281.43 **$6,754.32** |

**SPECIAL UNSECURED CLASS(ES):**

| CLAIMANT | COLLATERAL | CLAIM AMOUNT |
|---|---|---|
| N/A. | | * |
| | | |

**PROPERTY TO BE SURRENDERED:**
The following property is surrendered to the creditor secured by the property.  Upon confirmation of this Plan, the surrendered property shall be deemed abandoned from the estate and relief from stay is granted with respect to the property to allow the creditor to pursue its rights against the property.  If the creditor has timely filed a secured claim, the creditor shall have ninety (90) days from the date of confirmation of this Plan to establish any deficiency it may have and amend its proof of claim to state the deficiency.  Otherwise the creditor shall not be allowed an unsecured deficiency claim in this case.

| CLAIMANT | DESCRIPTION | AMOUNT | EXPLANATION |
|---|---|---|---|
| N/A. | | | |

| CLAIMANT | COLLATERAL | CLAIM AMOUNT |
|---|---|---|
| N/A. | | * |
| | | |

**LIEN AVOIDANCE(S):**
The debtor(s) shall file a separate Motion or Motions to avoid the liens or security interests of the following claimants pursuant to 11 U.S.C. § 522(f), and the claims of such claimant(s) shall be relegated to and treated as general unsecured claims.

| CLAIMANT | COLLATERAL | CLAIM AMOUNT |
|---|---|---|
| N/A. |  | * |
|  |  |  |

**EXECUTORY CONTRACTS: N/A.**

**UNSECURED CLAIMS:** All claims not specifically provided for above and those relegated to unsecured status above shall be paid a general unsecured claim, without priority, on a *pro rata* basis.

| | |
|---|---|
| Unsecured claims per schedule: | $52,981.60 |
| Claims relegated to unsecured status: | $       0.00 |
| Internal Revenue Service: | $    998.49 |
| Total projected unsecured claims: | $53,980.09 |
| Approximated percentage payback to holders of unsecured claims: | **100%** |

Note: The actual payback to unsecured claims may be more or less depending on claims actually filed and allowed.

**OTHER PROVISIONS:**
1) All property of the estate under 11 U.S.C. §§ 541 and 1306 at the time of confirmation, and all property thereafter acquired and included in the estate under 11 U.S.C. § 1306, shall remain property of the estate until removed from the estate by operation of law or separate order. All Stays in effect at the time of confirmation shall remain in force and effect until terminated or modified under applicable law, or by Order of the Court.

2) All claims shall be paid as set forth above unless a creditor objects prior to the Confirmation Hearing and files a claim within ninety (90) days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. § 341(a). Except as provided in Fed. R. Bankr. P. 3002(c)(1), governmental units must file claims within 180 days after the order for relief. If a priority or secured claim, including a mortgage arrearage claim, is filed for less than the amount provided for in this Plan, the Trustee is authorized to pay the lesser amount.

3) **FILING OF A CLAIM IS REQUIRED FOR PAYMENT.** If a creditor does not timely file a proof of claim within the time periods stated in the preceding paragraph and no claim is filed under Fed. R. Bankr. P. 3004, that creditor shall receive NO distribution from the Trustee under this Plan. In such case, the Trustee is authorized to disburse funds that creditor would have received to other creditors entitled to payment under this Plan.

4) A.  Secured Creditors, except those holding long-term debts under 11 U.S.C. § 1322(b)(5), shall retain their liens as provided in 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors holding long-term debts shall retain their liens until paid in full under the applicable loan documents notwithstanding the entry of a discharge under 11 U.S.C. § 1328.

   B.  The allowed secured claim of each secured creditor shall be the value of the collateral stated in the Allowed Secured Claim column, or the amount of the filed claim, whichever is less, with the balance (if any) of the claim actually filed being allowed as an unsecured claim.

5) If a secured creditor provided for under this Plan obtains relief from the automatic stay, the Trustee is authorized to cease all disbursements to that creditor and to disburse funds that the creditor would have received to other creditors entitled to payment under this Plan, unless the Court orders otherwise.

6) Confirmation of this Plan shall serve as a determination that the debtor(s) have satisfactorily met the requirements of 11 U.S.C. § 521(a) and the case shall not thereafter be subject to dismissal under 11 U.S.C. § 521(i).

7)  The above-named debtor(s) is/are enjoined from incurring any debts without prior approval of the court except such debts as may be necessary for emergency medical or hospital care.

8)  Creditors will be enjoined and prohibited from assessing late charges, penalties, or other fees by virtue of the manner in which payments are made, or by virtue of the timing of payments under this Plan made by the Trustee.

9) Debtors are to timely file all yearly tax returns during the pendency of the case, immediately provide the Trustee with a complete and accurate copies of the returns upon filing, and submit to the Trustee any and all tax refunds received, less earned income tax credit, as payments in addition to the regular payments made under the Plan.

Dated:  December 12, 2014.

                              Respectfully submitted,
                              **RICHARD A. CHAPMAN, P.C.**
                              <u>s/Richard Chapman</u>
                              Richard A. Chapman, OBA # 17849
                              1612 South Cincinnati Ave., Suite 210
                              Tulsa, OK 74119-4418
                              Ph.  (918) 392-5170
                              Fax (918) 392-5646
                              *Email*: rchapman@tulsacoxmail.com

                              ***Attorney for Debtors***